PER CURIAM.
Petitioner has filed a habeas corpus action in this court by which he alleges that he is being unlawfully detained while he awaits his trial on charges of possession of stolen property. The alleged illegality of his detention rests on his contention that the bail which has been set in his case in the amount of $25,000 is so unreasonable or excessive as to amount to a violation of Article I, Section 14, Florida Constitution of 1968, F.S.A.
We agree.
The constitutional provision upon which petitioner relies is as follows:
“SECTION 14. Bail. — Until adjudged guilty, every person charged with a crime or violation of municipal or county ordinance shall be entitled to release on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great.”
We have considered the return filed in behalf of the respondent, but we are not persuaded thereby that the amount of bail in this case is not excessive. On the contrary, $25,000 seems to us to be within the range of bail amounts which have been held to be excessive by other appellate courts of this state as well as our own in similar cases.
Indeed, in a case that also involved a petitioner charged with like crimes as that ascribed to petitioner Logue, we held that the sum of $30,000 bail was excessive and ordered the same to be reduced. State ex rel. Crabb v. Carson et al., 189 So.2d 376 (Fla.App.1966). The circumstances here relating to the standards to be considered in determining the proper amount of bail do not seem to be more dire than those present in the Crabb case, supra.
Accordingly, on the authority of Crabb, supra, it is ordered that the writ issue and the amount of bond set by the Circuit Court in and for Santa Rosa County, Florida, for petitioner in the pending case against him, No. 69-C-446, for possession of stolen property be reduced to $10,000.
CARROLL, DONALD K., Acting C. J., and WIGGINTON and SPECTOR, JJ., concur.